NEW YORK GRAPE SUGAR Co. *v.* BUFFALO GRAPE SUGAR Co. and others.

SAME *v.* AMERICAN GRAPE SUGAR Co. and others.

(*Circuit Court, N. D. New York.* June 2, 1884.)

PATENT LAW—AMENDMENT OF BILL—ASSIGNED CLAIMS FOR DAMAGES.

The assignee of a patent, in an action against an alleged infringer, can move, before the signing of an interlocutory decree, to amend his bill so as to include the subject of assigned claims for damages and profits which were due to mesne assignors, the bill having been brought, answered and tried upon the theory that a recovery upon the assigned claims was sought.

Motion to Amend Bills.

*E. N. Dickerson,* for plaintiff.

*George Harding* and *Franklin D. Locke,* for defendants.

SHIPMAN, J. In these cases the plaintiff moved, before the signature of the interlocutory decree, to amend each bill by the insertion of averments that the assignment of the letters patent, which are the subject of the respective bills, also conveyed to the plaintiff and present owner the right of recovery for prior infringements of said letters, both in regard to profits and damages, during the previous life of the patents, and by the insertion of a prayer for an accounting for the infringement by the defendants of the letters patent from the date of the issuing of them, severally, and for the violation of the rights of the mesne assignors, and each of them. The motion has been argued solely upon the propriety of allowing the amendments, and not upon the effect of the allowance, if made, upon the decree. The counsel for the plaintiff asks for the amendments upon this ground. He admits that, as a general rule, an amendment which changes the character of the bill, or which introduces a new cause of action, ought not to be allowed, especially after the bill has been heard, (*The Tremolo Patent,* 23 Wal. 518;) but he says that these bills were brought, not only for an injunction and for an accounting in respect to the amount which the plaintiff, as an owner of the patent, should recover, but to recover the assigned claims for damages and profits; that the plaintiff supposed that the averments were sufficient; that all the equitable objections to a recovery for infringements prior to the plaintiff's purchase were set up in the answer; and that the defendants knew that a recovery upon the assigned claims was sought. I think that these positions are true. In view of the history of the case, it is not possible that the plaintiff brought its bills without intending to include, and supposing that it had included, the subject of the assigned claims for the damages and profits which were due to the mesne assignors, although I am clearly of opinion that the averments of the bills did not include such claims. It is also true that the defendants knew that a recovery for such claims was sought, and defended against them. Under these

circumstances, I think that, the allowance of the amendments being within the power of the court, it is its duty to allow them; and that to refuse the allowance would be an improper precedent. The question will hereafter arise as to the propriety of a decree for an account of the profits, or an assessment of the damages which accrued before the purchase of the patents.

The motion is granted.